Appellant, Anthony Furcron, appeals, pro se, from the trial court's order denying his motion to modify his sentence. We affirm.
On July 15, 1995, a Lorain County Grand Jury indicted Appellant on one count of Felonious Assault in violation of R.C. 2903.11 (A)(1) and one count of Domestic Violence in violation of R.C. 2919.25(A). Appellant pled guilty to both counts on June 4, 1996. On November 26, 1996, the trial court imposed the following concurrent sentences: (1) six to fifteen years of incarceration with six years actual incarceration on the first count, and (2) six months of incarceration on the second count. Appellant moved the trial court to modify his sentence on March 12, 1998. The trial court denied Appellant's motion on March 18, 1998.
 Appellant timely appeals and raises a single assignment of error.
 ASSIGNMENT OF ERROR The trial court erred whe[n] it failed to modify Appellant's sentence in compliance with the provisions of R.C. 1.58(B).
When a criminal defendant moves to modify his sentence following the expiration of time for his direct appeal, the attempt is a postconviction motion as defined in R.C. 2953.21. See State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus;State v. Copley (June 10, 1998), Medina App. No. 2738-M, unreported, at 2-3. Because no direct appeal was taken in this case, Appellant had one hundred eighty days after the expiration of the time for appeal in which to file a timely petition for postconviction relief. R.C. 2953.21(A)(2). Appellant was sentenced on November 26, 1996. Because Appellant filed his petition on March 12, 1998, the petition was not timely filed.
R.C. 2953.23(A) provides that a trial court cannot entertain an untimely filed petition for postconviction relief unless: (1) the petitioner shows either that he was unavoidably prevented from discovering the facts upon which he relies in his petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner shows by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. See, also, State v. Kasubienski (Nov. 12, 1997), Lorain App. No. 97CA006684, unreported, at 4-5; State v. Hilton
(Oct. 29, 1997), Summit App. No. 18447, unreported, at 4-5.
A review of Appellant's petition reveals that he did not meet either of the criteria of R.C. 2953.23(A). Assuming,arguendo, that Appellant timely filed his petition for postconviction relief, his argument for relief lacks merit. Appellant contends that the trial court erred when it denied his motion because Am.Sub.S.B. No. 2 is an unconstitutional attempt to amend R.C. 1.58. The Supreme Court of Ohio has concluded the following: (1) Am.Sub.S.B. No. 2 is not an attempt to amend R.C. 1.58(B); (2) R.C. 1.58(B) is inapplicable to Am.Sub.S.B. No. 2; and (3) Am.Sub.S.B. No. 2 does not violate the constitutional prohibitions against ex post facto and retroactive legislation. State v. Rush (1998), 83 Ohio St.3d 53, paragraphs one, two, and three of the syllabus.
Based on the foregoing, the trial court did not err by denying Appellant's petition for postconviction relief. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 --------------------- LYNN C. SLABY FOR THE COURT
BAIRD, P. J., CARR, J., CONCUR